UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LISA JACKSON,

           Plaintiff,

  - against -

ELMHURST HOSPITAL CENTER and NEW
YORK CITY HEALTH & HOSPITALS
CORPORATION,

           Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
10-CV-5248 (RRM)(RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff *pro se*, a Licensed Practical Nurse ("LPN") formerly employed by the New York City Health & Hospitals Corporation ("HHC"), brings this action against HHC and Elmhurst Hospital Center ("Elmhurst") for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, 12203 ("ADA"). Plaintiff alleges various acts of discrimination and retaliation arising out of her employment with and eventual termination by HHC. On March 14, 2012, the Court granted defendants' 12(b)(6) motion and dismissed plaintiff's complaint without prejudice. Presently before the Court is plaintiff's motion to amend under Federal Rule of Civil Procedure 15(a)(2). For the reasons below, plaintiff's motion is DENIED.

## BACKGROUND

    The Court assumes the parties' familiarity with the factual and procedural history of this case and will, therefore, only review those aspects relevant to plaintiff's present motion. On March 14, 2012, as part of the dismissal of plaintiff's complaint, the Court provided plaintiff specific instructions for filing a motion to amend. Specifically, the Court instructed that:

> Plaintiff must file a letter with the Court within 21 days of the date of this Order, seeking leave to file an amended complaint which includes: (1) a copy of a proposed amended complaint and (2) an explanation with case support as to why



such amendment should be allowed. With respect to any such proposed amended complaint, plaintiff must plead sufficient facts to make out each of the elements of her claims and demonstrate a right to relief beyond mere speculation. Plaintiff shall not rely solely on the submission of myriad documents as she did in her first complaint. Plaintiff must allege facts and explain the connection between those facts and the required elements of each claim.

(Doc. No. 22 at 17.)

Beginning on April 10, 2012, the Court began to receive additional materials from plaintiff in connection with what could be liberally read as a motion to amend. (Doc. Nos. 24-26, 28-30.) The materials were not only untimely, but otherwise failed in every material respect to comply with this Court's instructions. Plaintiff submitted no proposed amended complaint, no explanation with case citations supporting her amendment and has relied almost entirely on a submission of 109 pages of documents, including multiple duplicates. (Doc. No. 30.) Moreover, nearly all of the documents were previously submitted to the Court, either as attachments to the complaint or in opposition to defendants' motion to dismiss. (*Compare* Doc. Nos. 1, 10, 16, 17 *with* Doc. No. 30.) Plaintiff's "new" pleading reads as follows:

> I am requesting an amendment to the original complaint. Asking the court to implement the charges of unlawful imprisonment, malicious prosecution along with the disability claim. I would like to add the termination of my employment but this case is still pending in the unemployment court.

(Doc. No. 28 at 1.)

Although plaintiff's failure to comply with this Court's order would, in and of itself, be sufficient grounds to deny plaintiff leave to amend, out of an abundance of caution, the Court has reviewed plaintiff's submissions and finds that her request must also be denied because her "proposed" amendment would be futile.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely" given. This relaxed standard applies with particular force to *pro se* litigants. *Pangburn v.*

2

*Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999). Nonetheless, leave may be denied under certain circumstances, including futility of the amendment. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment may be denied as futile when it would be subject to immediate dismissal. *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999).

## DISCUSSION

### I. Plaintiff's Original Claims

Initially, the Court denies plaintiff's request to replead her original accommodation, disability discrimination and retaliation claims. As discussed above, plaintiff's submissions seeking amendment of her complaint fail, in every material respect, to follow the requirements set forth in the Court's March 14, 2012 Order. (Doc. No. 22 at 17.) Indeed, plaintiff has relied primarily on another submission of a "myriad" of documents, which the Court specifically warned her would be insufficient. (*Id.*) Moreover, none of plaintiff's new submissions correct the deficiencies noted in the Court's previous Order. Put simply, plaintiff has again failed to "plead sufficient facts to make out each of the elements of her claims and demonstrate a right to relief beyond mere speculation." (*Id.*) Therefore, plaintiff's motion to amend is DENIED.

### II. Plaintiff's New Claims

#### a. March 2006 "Unlawful Imprisonment"

Plaintiff now seeks to base independent claims on conduct that occurred in March of 2006. Specifically, plaintiff alleges that on March 15, 2006, she was "imprisoned" in Elmhurst's psychiatric ward by her supervisors following their discovery of a letter she had drafted and unintentionally left on a hospital computer. (Doc. No. 30 at 20-25.) After the incident, plaintiff was allegedly immediately referred for a follow-up medical evaluation, which was cancelled

3

before it occurred. (*Id.* at 24-25.) Liberally construed, plaintiff could be alleging claims under federal law - - 42 U.S.C. § 1983 and the ADA - - or under state law - - false imprisonment and malicious prosecution. However, for the reasons that follow, any amendment would be futile.

First, any amendment to add a claim for unlawful imprisonment under § 1983 would be time-barred, and therefore, futile. The statute of limitations for a claim of unlawful imprisonment under 42 U.S.C. § 1983, arising from conduct occurring in New York, is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989); *Guerrier v. Quillian*, No. 10 Civ. 9453(CM), 2011 WL 4916295, at *2-3 (S.D.N.Y. Oct. 14, 2011). And an unlawful imprisonment claim accrues when the unlawful imprisonment ends. *Wallce v. Kato*, 549 U.S. 384, 388-90 (2007). Here, plaintiff alleges that on March 15, 2006 she was briefly "imprisoned" and released that same day. (Doc. No. 30 at 20, 23, 31.) Therefore, the latest plaintiff could have brought this claim was March 15, 2009. She did not file her original complaint until November of 2010, over a year later. As such, any claim for unlawful imprisonment would be time-barred.

Second, any amendment to add a claim for unlawful imprisonment under state law would also be time-barred, and therefore, futile. As explained in this Court's March 14, 2012 Order, to bring an unlawful imprisonment claim against HHC, plaintiff must have filed a notice of claim within ninety days of when her claim arose. *See* N.Y. Gen. Mun. Law § 50-e; *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) ("Under New York Law, a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations such as the HHC.") Plaintiff has still not alleged that she filed a notice of claim within ninety days of the incident, therefore any amendment to include a state-law unlawful imprisonment claim would be futile.

Third, a claim for malicious prosecution under federal or state law would also be futile because plaintiff has failed to plead any sort of legal proceeding in connection with her alleged detention at the hospital. That is, to sustain a malicious prosecution claim pursuant to 42 U.S.C. § 1983 or New York law, the deprivation of liberty - - i.e., the seizure - - must have been made "pursuant to legal process." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). This is because the "essence of malicious prosecution is the perversion of proper legal procedures." *Broughton v. State*, 335 N.E.2d 310, 314 (N.Y. 1975). Although a variety of legal proceedings may suffice to establish the requisite process for a malicious prosecution claim, where, as here, there has not been any legal process commenced, there can be no malicious prosecution claim. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116-17 (2d Cir. 1995); *Holley v. Cnty. of Orange*, 625 F. Supp. 2d 131, 141 (S.D.N.Y. 2009). In this type of case, a claim for false arrest and/or imprisonment would have been plaintiff's remedy.

Finally, plaintiff alleges that she "was accused of being disabled and held against my will." (Doc. No. 28 at 2.) Read liberally, plaintiff alleges that HHC violated the ADA because, after discovering her letter, it perceived her to have a mental impairment and forced her to report for a psychological evaluation. 42 U.S.C. §§ 12102(1)(C), 12112. Yet, in order to bring such a claim under the ADA, plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and obtaining a right-to-sue letter. *See Grey v. Promenade Rehab. & Care Ctr.*, 145 Fed. App'x 705, 706-7 (2d Cir. 2005) (affirming district court's dismissal of ADA claim for failure to obtain right-to-sue letter); *Bethea v. Potter*, No. 08 Civ. 2789, 2009 WL 1726285, at *3 (S.D.N.Y. Jun. 18, 2009) (finding that an ADA plaintiff "must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding to federal district court"

5

(quotation marks omitted)); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, No. 05 Civ. 5106(DRH), 2006 WL 2713934, at *4 (E.D.N.Y. Sept. 22, 2006) (finding that in order to bring an ADA claim in federal court, "a plaintiff must exhaust his administrative remedies and obtain a right to sue letter").

Although plaintiff suggests that she filed an EEOC Charge related to her disability claim in 2006, she attaches only part of an EEOC questionnaire and what appears to be an internal HHC complaint. (Doc. No. 1 at 4; Doc. No. 30 at 27-31.) Moreover, the only right-to-sue letter plaintiff has ever presented or alleged is in relation to her 2008 EEOC Charge regarding an alleged asthma disability. (Doc. No. 1 at 6-11; Doc. No. 30 at 66.) The only reference in that proceeding to her new 2006 claim is in a rebuttal letter plaintiff sent to the EEOC. Therein, plaintiff makes an undated reference to being "held against my will," but does not mention the wholly separate disability claim she is now alleging. (Doc. No. 30 at 4.) Having failed to adequately allege exhaustion of her administrative remedies, plaintiff's proposed amendment would be futile and, therefore, is DENIED.[1]

---

[1] Even assuming plaintiff had exhausted her administrative remedies, her motion to amend would still be futile. In order to plead an ADA claim, plaintiff must allege, *inter alia*, that she suffered an adverse employment action on the basis of a perceived disability. *Kinneary v. City of N.Y.*, 601 F.3d 151, 156 (2d Cir. 2010). An adverse employment action is a "materially adverse change in the terms and conditions of employment" and must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (quotation marks omitted); *see also Davis v. N.Y.C. Dep't of Educ.*, No. 10-CV-3812(KAM), 2012 WL 139255, at *6 (E.D.N.Y. Jan. 18, 2012) (applying same standard to an ADA claim). Merely referring an employee for psychological evaluation is not an adverse employment action. *See Buric v. Kelly*, 157 Fed. App'x 391, 394 (2d Cir. 2005) ([T]his Court has not held that referral for psychological examination, without more, is an adverse employment action."); *Krinsky v. Abrams*, No. 01 CV 5052(SLT), 2007 WL 1541369, at *7 (E.D.N.Y. May 25, 2007) ("[R]eferral for a psychological evaluation is not considered an adverse employment action."), *aff'd*, 305 Fed. App'x 784 (2d Cir. 2009). Put simply, "requiring an employee to undergo an evaluation does not evidence discrimination." *Ford v. N.Y.C. Dep't of Health & Mental Hygiene*, 545 F. Supp. 2d 377, 395-96 (S.D.N.Y. 2008), *aff'd*, 352 Fed. App'x 471 (2d Cir. 2009). Plaintiff has failed to connect this incident to any adverse employment action. Instead, she alleges that the emergency room doctor refused to see her, she was "ordered back to work," and no psychological evaluation ever occurred. (Doc. No. 30 at 20, 25, 31.) She alleges no change in the terms or conditions of her employment as a result of the episode. Therefore, even if properly exhausted, plaintiff's proposed amendment would be futile.

### b. Family and Medical Leave Act

Plaintiff also seeks, liberally construed, to add a claim for Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), interference, alleging that she was terminated while on FMLA leave. (Doc. No. 28 at 1.) However, plaintiff fails to allege sufficient factual predicate for the claim. (Doc. No. 30 at 78-79, 82-84, 91-97.) The most the Court can glean from plaintiff's allegations and numerous attached documents is that she applied for and may have been granted FMLA leave for the month of September of 2010 (Doc. No. 30 at 96), which she then attempted to change to a year-long leave starting in October of 2010 (*id.* at 91, 97). (*See also* Doc. No. 30 at 83-84.) It is not clear if that leave was approved. Near the end of October, HHC's Human Resources office attempted to contact plaintiff to determine why she was not reporting for work. (*Id.* at 79.) Plaintiff appears to have submitted some sort of follow-up on November 5, 2010, but it is unclear what the outcome of that communication was. (*Id.* at 93.) Out of this haze plaintiff alleges more miscommunication "[f]irst telling me I was on FMLA, then stating I resigned . . . then stating I have AWOL." (Doc. No. 28 at 1.)

The FMLA requires employers to allow employees to take twelve workweeks of unpaid leave per year and then return to the same or equivalent position. 29 U.S.C. §§ 2612, 2614(a). In order to plead an FMLA interference claim, plaintiff must allege, *inter alia*, that she (1) was entitled to leave under the FMLA, and (2) that she was denied benefits to which she was entitled by the FMLA. *See Di Giovanna v. Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193, 199 (S.D.N.Y. 2009). However, without any factual predicate -- i.e., when plaintiff was on leave, whether she was eligible for the leave she took and when she was actually terminated -- the only basis for allowing plaintiff to amend would be mere speculation. *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 428-29 (S.D.N.Y. 2004) ("The right to reinstatement under FMLA is not absolute.

7

. . . Employees who are unable to work at the end of FMLA leave may be discharged.") Indeed, the Court previously warned plaintiff that it "cannot be certain when, why or even if plaintiff was actually terminated" and plaintiff has failed to clarify the issue with her latest submissions. (Doc. No. 22 at 5.) Therefore, her motion to amend to add an FMLA claim is DENIED.

## CONCLUSION

For the above reasons, plaintiff's motion to amend (Doc. No. 28) is DENIED and all of plaintiff's claims are DISMISSED. The Clerk of Court is directed to enter judgment accordingly, close the case and mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2012

ROSLYNN R. MAUSKOPF
United States District Judge